﻿Citation Nr: AXXXXXXXX
Decision Date: 05/28/19 Archive Date: 05/28/19

DOCKET NO. 190212-3675
DATE: May 28, 2019

ORDER

New and relevant evidence having not been received, readjudication of the claim for service connection for an acquired psychiatric disorder is not warranted.

FINDING OF FACT

1. In a July 2000 administrative decision, the agency of original jurisdiction (AOJ) determined that the Veteran’s character of discharge for the period of service from December 1968 to November 1970 was a bar to benefits administered by VA; he did not appeal that decision.

2. In an October 2010 rating decision, the AOJ determined that the Veteran’s character of discharge for the period of service from December 1968 to November 1970 was a bar to benefits administered by VA; he did not appeal that decision.

3. In a December 2013 rating decision, the AOJ denied the Veteran’s claim for service connection for an acquired psychiatric disorder; although he initiated an appeal of the December 2013 rating decision, he did not perfect a timely appeal following the issuance of the March 2015 statement of the case.

4. Additional evidence associated with the claims file since the March 2015 statement of the case is redundant of the evidence previously of record and it does not tend to prove or disprove a matter in issue.

CONCLUSION OF LAW

The criteria for readjudication of the previously-denied claim for service connection for an acquired psychiatric disorder have not been met. 38 U.S.C. §§ 101(35), 5108.

REASONS AND BASES FOR FINDING AND CONCLUSION

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program, RAMP, the Rapid Appeals Modernization Program. 

The Veteran served on active duty from July 1965 to July 1967. He had additional active service from December 1968 to November 1970 and was discharged under conditions other than honorable. As discussed below, VA has determined that the character of service for the period from December 9, 1968 through November 6, 1970, is a bar to VA benefits.

Following a March 2017 rating decision, he selected the Higher-Level Review lane when he submitted the RAMP election form on August 9, 2018. Accordingly, the December 2018 RAMP rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed this RAMP rating decision to the Board and requested direct review of the evidence considered by the AOJ.

In November 2018, evidence was added to the claims file during a period of time when new evidence was not allowed. Therefore, the Board may not consider this evidence. 84 Fed. Reg. 138, 182 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 20.300). The Veteran may file a Supplemental Claim and submit or identify this evidence. 84 Fed. Reg. 138, 182 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.2501). If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

Finally, the Board notes that the issue on appeal has been recharacterized to reflect the applicable evidentiary standard under the AMA. 84 Fed. Reg. 138, 172, 182 (Jan. 18, 2019) (to be codified at 38 C.F.R. §§ 3.2501(a)(1), 19.2).

New and Relevant Evidence

VA will readjudicate a claim if new and relevant evidence is presented or secured. AMA, Pub. L. No. 115-55, 38 U.S.C. § 5108, 131 Stat. 1105, 1109. New evidence means existing evidence not previously submitted to agency decisionmakers. Relevant evidence means evidence that tends to prove or disprove a matter in issue. 38 U.S.C. §§ 101(35).

In the December 2018 rating decision on appeal, the AOJ made a favorable finding that the Veteran’s VA treatment records reflected a diagnosis of major depressive disorder and anxiety disorder, unspecified.

By way of background, the Veteran filed a claim for service connection for posttraumatic stress disorder (PTSD) in September 1999. He claimed that he was fired upon while stationed in Korea in 1968. He also stated that he saw claymore mines detonate, and that he saw fellow servicemembers get hit by rifle fire. In February 2000, the Veteran reported that he ingested sleeping pills during service, that he experienced nightmares and flashbacks to his time in the Korean peninsula, and that he heard voices, including Korean voices.

In a July 2000 administrative decision, the AOJ determined that the Veteran’s character of discharge for the period of service from December 1968 to November 1970 was a bar to benefits administered by VA. The evidence of record included the Veteran’s service personnel records.

Although notified of the decision and his appellate rights, he did not enter a notice of disagreement with the decision. No further communication regarding his claim was received until May 2002, when VA received his petition to reopen his claim. Therefore, the July 2000 administrative decision is final. 38 U.S.C. § 7105(c) (2012); 38 C.F.R. §§ 3.104, 20.302, 20.1103 (2018).

The Veteran filed a petition to reopen his claim in May 2002, and his petition was denied in August 2002. The AOJ concluded that, despite the Veteran’s July 2002 statement concerning the nature and circumstances surrounding his service in Korea, the evidence was not material to whether his character of discharge for the period of service from December 1968 to November 1970 was a bar to benefits administered by VA.

Thereafter, in October 2002, the Veteran argued that his current VA treatment records was new and material evidence. In November 2002, the AOJ sent him a letter requesting that he submit evidence pertaining to his military service and the nature of his discharge. In July 2003, the AOJ once again requested new and material evidence pertaining to the nature of the Veteran’s character of discharge for the period of service from December 1968 to November 1970.

In August 2006, the Veteran submitted another statement concerning the nature and circumstances surrounding his service in the Korea peninsula. Subsequently, in an undated letter, the AOJ informed the Veteran that it could not take action his claim because his period of service from December 1968 to November 1970 was a bar to benefits administered by VA. The AOJ informed the Veteran that he could seek a change in the character of his discharge by filing a claim with the appropriate service department.

Thereafter, in September 2009, VA received the Veteran’s petition to reopen his previously denied claim. In October 2009, the AOJ once again determined that it could not take action his claim because his period of service from December 1968 to November 1970 was a bar to benefits administered by VA. The AOJ informed the Veteran that he could seek a change in the character of his discharge by filing a claim with the appropriate service department.

After he was notified of the decision and his appellate rights, he did not enter a notice of disagreement with the October 2009 decision. No further communication regarding his claim was received until January 2013, when VA received his petition to reopen his claim. Therefore, the October 2009 decision is final. 38 U.S.C. § 7105(c); 38 C.F.R. §§ 3.104, 20.302, 20.1103 (2018).

Thereafter, in January 2013, VA received the Veteran’s petition to reopen his previously denied claim. In December 2013, the AOJ denied his claim on the merits based, in part, on the findings contained in a December 2013 VA examination report.

After he was notified of the decision and his appellate rights, in January 2014, he expressed timely disagreement with the December 2013 rating decision. He also submitted statements from himself and his wife concerning the circumstances of his service. The AOJ also obtained the Veteran’s VA treatment records dated through February 2015. In March 2015, the AOJ issued a statement of the case that continued to deny his claim. The AOJ determined that the evidence of record failed to demonstrate a relationship between the Veteran’s first period of active duty service and any currently-diagnosed acquired psychiatric disorders. Furthermore, the AOJ concluded that the evidence submitted, including the statements from the Veteran and his wife, continued to relate the Veteran’s psychiatric problems to his second period of service from December 1968 to November 1970 which was considered dishonorable for purposes of VA benefits. Thereafter, the Veteran did not perfect an appeal by submitting a timely VA Form 9 following the issuance of a March 2015 statement of the case, and no further communication regarding these claims was received until November 2016, when VA received his petition to reopen his previously denied claim. Therefore, the December 2013 rating decision is final. 38 U.S.C. § 7105(c); 38 C.F.R. §§ 3.104, 20.302, 20.1103.

Evidence added to the record since the March 2015 statement of the case includes the Veteran’s VA treatment records and his lay statements, including his March 2017 VA Form 21-0781, Statement in Support of Claim for Service Connection for Post-Traumatic Stress Disorder (PTSD), his November 2017 notice of disagreement, and his October 2017 VA Form 9, Appeal to the Board of Veterans’ Appeals.

The Board finds that the Veteran has not submitted new and relevant evidence after the prior final rating decision in the legacy system warranting the readjudication of his claim. Specifically, none of the evidence indicates that the character of discharge for the period of service from December 1968 to November 1970 was not a bar to benefits administered by VA. Moreover, the evidence does not relate the Veteran’s current psychiatric problems to his first period of service. The Board also notes that the Veteran’s VA treatment records, including the diagnoses therein, are duplicative of the evidence considered by the March 2015 statement of the case. Finally, as for the Veteran’s lay statements, including his statements concerning the nature and circumstances surround his service in Korea, the Board finds that such are also duplicative of those statements previously considered. 

In summation, the Board finds that the evidence received since the prior denial is not new and relevant to the Veteran’s claim for service connection for an acquired psychiatric disorder. Therefore, readjudication of the claim is not warranted.

 

V. Chiappetta

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD James R. Springer, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.